**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Earl Strickland, | No. CV-17-01944-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

      Plaintiff Robert Strickland seeks review pro se under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security which denied him disability insurance benefits under sections 216(i) and 223(d) of the Social Security Act. Doc. 16. Defendant concedes that the administrative law judge's ("ALJ") opinion is based on reversible legal error (Doc. 20), but the parties dispute whether the Court should remand for further administrative proceedings or an award of benefits (Docs. 16, 20). The Court will vacate the Commissioner's decision and remand for further proceedings.

**I.    Background.**

      Plaintiff is a 67 year old male who previously worked as a collections representative. A.R. 136, 188. Plaintiff applied for disability insurance benefits on April 28, 2014, alleging disability beginning on March 16, 2014. A.R. 136. On August 17, 2016, Plaintiff appeared without representation and testified at a hearing

before an ALJ. A.R. 15.[1] A vocational expert also testified. *Id.* On March 3, 2017, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. A.R. 15-23. This became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on June 8, 2017. A.R. 1-4.

## II. Legal Standard.

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Under a "rare exception" to this rule, the Court may remand for an award of benefits after conducting a three-part inquiry:

> The three-part analysis . . . is known as the "credit-as-true" rule. First, we ask whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Next, we determine whether there are outstanding issues that must be resolved before a disability determination can be made, and whether further administrative proceedings would be useful. When these first two conditions are satisfied, we then credit the discredited testimony as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability.

*Id.* (internal citations and quotation marks omitted). The Ninth Circuit emphasized that the Court has discretion to remand for further proceedings even if it reaches the third step. *Id.* "Where an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Id.* (quotation marks omitted).[2]

## III. The ALJ's Five-Step Evaluation Process.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, and the burden shifts to the Commissioner at

---

[1] The hearing transcript does not appear to be in the record submitted by Defendant, but the transcript is not necessary to deciding the limited issue in this case.

[2] Defendant disagrees with the credit-as-true rule (Doc. 20 at 3 n.1), but does not dispute that this Court is bound by the authority in this Circuit establishing the rule. *E.g.*, *Leon*, 880 F.3d 1041; *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-02 (9th Cir. 2014); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). To establish disability, the claimant must show that (1) he is not currently working, (2) he has a severe impairment, and (3) this impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") prevents his performance of any past relevant work. If the claimant meets his burden through step three, the Commissioner must find him disabled. If the inquiry proceeds to step four and the claimant shows that he is incapable of performing past relevant work, the Commissioner must show at step five that the claimant is capable of other work suitable for his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2017, and had not engaged in substantial gainful activity since March 16, 2014. A.R. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus, degenerative disc disease, post-traumatic stress disorder, major depressive disorder, and status post deep vein thrombosis. *Id.* The ALJ also noted the following medically determinable but non-severe impairments: hypertension, hearing loss, hypercholesterolemia, benign prostatic hypertrophy, obstructive sleep apnea, enlarged prostate, vitamin D deficiency, and testosterone deficiency. A.R. 18. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment. *Id.* At step four, the ALJ found that Plaintiff had the RFC to perform medium work with some additional limitations and was able to perform his past relevant work as a collector. A.R. 19-23.

**IV. Analysis.**

Applying the three-part credit-as-true test, the Court concludes that it must remand to the Commissioner for further proceedings. First, Defendant concedes that the ALJ erred in evaluating the medical opinion evidence, Plaintiff's symptom testimony, and Plaintiff's 100% disability rating from the Department of Veterans Affairs ("VA"). Doc. 20 at 3.

Defendant argues that there are outstanding conflicts in the medical evidence that need to be resolved, and that additional proceedings would be useful to reconsider Plaintiff's VA disability rating and further develop the record. *Id.* Plaintiff's opening brief argues that the ALJ's decision is defective and requests "a fully favorable decision . . . or a remand for redevelopment." *See* Doc. 16 at 6. Plaintiff did not file a reply addressing Defendant's arguments or the credit-as-true test. The Court agrees with Defendants that outstanding issues require further proceedings.

Although the ALJ acknowledged Plaintiff's 100% VA disability rating, the ALJ failed to provide legally sufficient reasons for rejecting it, and the details of the rating are not in the record. *See* Doc. 20 at 6-7 (citing *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) ("[A]n ALJ must ordinarily give great weight to a VA determination of disability" unless the ALJ provides "persuasive, specific, valid reasons" to afford less weight.)). Further proceedings are warranted so that the record can be developed on this issue and the ALJ can properly evaluate the VA rating. Indeed, Plaintiff submits the VA rating to the Court and argues that the ALJ's consideration of his VA records generally was based on "incomplete evidence[.]" Doc. 16 at 7-8.

Plaintiff also argues that the ALJ should have obtained an agency examination of Plaintiff, rather than relying solely on non-examining agency physicians' opinions. Doc. 16 at 2, 6. Defendant agrees that on remand the ALJ should order a consultative examination. Doc. 20 at 7.

Finally, Defendant points to a number of specific inconsistencies in the medical evidence, which should be resolved by the ALJ on remand. Doc. 20 at 3-5.

For these reasons, the Court does not reach the third step and will remand to the Commissioner for further proceedings. This case does not present rare circumstances in which an immediate award of benefits might be appropriate.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and this case is **remanded** for further proceedings consistent with this order. The Clerk shall enter judgment accordingly and **terminate** this action.

Dated this 12th day of July, 2018.

_____
David G. Campbell
United States District Judge